# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **MELVIN SCHIEL** | **CIVIL ACTION** |
| **VERSUS** | **NO: 09-1130** |
| **HARTFORD INSURANCE COMPANY** | **SECTION: "N" (4)** |

## ORDER

Before the Court is **Hartford Insurance Company of the Midwest's Motion to Compel and For Attorney's Fees (R. Doc. 14)** filed by Defendant, Hartford Insurance Company of the Midwest ("Hartford"), seeking an Order from this Court compelling the Plaintiff, Melvin Schiel ("Schiel"), to respond to its Interrogatories and Requests for Production of Documents. It also seeks reasonable attorney's fees and costs for bringing the motion. The motion was heard without oral argument on Wednesday, September 30, 2009. On October 30, 2009, Schiel filed an untimely opposition to the motion.

Rule 37.1E provides that "[n]o motion relative to discovery shall be accepted for filing unless accompanied by a certificate of counsel for the moving party stating that counsel have conferred in person or by telephone for purposes of amicably resolving the issues and stating why they are unable to agree or stating that opposing counsel has refused to so confer after reasonable notice." L.R. 37.1E.

In the Rule 37.1E Certificate, counsel for Hartford certifies that he conferred with counsel for Schiel during a discovery conference on August 17, 2009, for the purpose of amicably resolving

the discovery issues. (R. Doc. 14-4, p. 1.) Counsel further avers that he consented to counsel for Schiel's request for additional time to respond to the discovery requests. (R. Doc. 14-4, p. 1.) Counsel for Hartford claims that he gave Schiel until August 28, 2009, to respond. (R. Doc. 14-4, p. 1.) Notwithstanding this extension of time to respond, counsel for Schiel has failed to provide answers to the discovery requests. As a result, Hartford filed the instant motion to compel.

The Court first notes that the subject discovery requests were propounded on July 7, 2009. (*See* R. Doc. 14-3, Hartford's 1st Set of Interrogs. and Reqs. for Produc. of Doc. July 7, 2009.) Therefore, Schiel's responses were due no later than August 5, 2009. Although counsel for Hartford provided Schiel with an extension until August 28, 2009, to date, no substantive responses have been received, and the discovery remains outstanding.

Under Local Rule 7.5E, any opposition memorandum is due eight (8) days prior to the hearing. Schiel did not file a memorandum in opposition, nor request for an extension of time within which to oppose the motion. Schiel did file an untimely response a month after the hearing date, however, he did not seek leave of the court or explain his failure to timely file.[1] Considering Schiel's lack of response and his failure to timely file, this Court will consider Hartford's motion unopposed.

Accordingly, after finding that the motion has merit,

**IT IS ORDERED** that **Hartford Insurance Company of the Midwest's Motion to Compel and For Attorney's Fees (R. Doc. 14)** is hereby **GRANTED.**

**IT IS FURTHER ORDERED** that Schiel shall provide complete responses to Hartford's Interrogatories and Requests for Production of Documents no later than **eleven (11)**

---

[1] Counsel for Schiel contends that he provided responses to Hartford's discovery, however, he provides no evidence to support his claim or allow the Court to assess his responses.

**days** from the signing of this Order. Hartford is also awarded the fees and costs incurred in bringing the motion.

**IT IS FURTHER ORDERED** that Hartford shall file a motion to fix attorney's fees into the record by **Wednesday, December 9, 2009**, along with: (1) an affidavit attesting to its attorney's education, background, skills, and experience; (2) sufficient evidence of rates charged in similar cases by other local attorneys with similar experience, skill, and reputation and; (3) the documentation required by Local Rule 54.2. Any opposition to the fee application shall be filed no later than **Wednesday, December 16, 2009.** Hartford shall notice the motion to fix attorney's fees for hearing on **Wednesday, December 23, 2009** and the motion shall be heard on that date **without oral argument**.

New Orleans, Louisiana, this 20th day of November 2009.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**